## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**SAUL EWING LLP**
Elizabeth U. Witmer, Esq. (55808)
Sean T. O'Neill, Esq. (205595)
1200 Liberty Ridge Drive, Suite 200
Chesterbrook, PA 19087-5569

*Attorneys for Plaintiff Tennessee Gas*
*Pipeline Company, L.L.C.*

| | |
|---|---|
| TENNESSEE GAS PIPELINE COMPANY, L.L.C. 1001 Louisiana Street Houston, Texas 77002,                Plaintiff,       v. PERMANENT OVERLAY EASEMENT FOR 5.417 ACRES AND TEMPORARY EASEMENTS FOR 0.914 ACRES IN WYALUSING TOWNSHIP, BRADFORD COUNTY, PENNSYLVANIA, TAX PARCEL NUMBER 61-103.00-066-000-000, SR 706 AND HEMLOCK ROAD  JAY W. AND BARBARA S. CHADWICK 3591 ROUTE 706 WYALUSING, PA 18853  WELLS FARGO BANK, NATIONAL ASSOCIATION C/O JOHN G. STUMPF, CHAIRMAN, CEO, PRESIDENT; TIMOTHY J. SLOAN, CFO; PAUL ACKERMAN, TREASURER, SR VP 101 NORTH PHILLIPS AVENUE SIOUX FALLS, SD 57104  WELLS FARGO BANK, NATIONAL ASSOCIATION C/O CORPORATION SERVICE COMPANY 2595 INTERSTATE DRIVE, SUITE 103 HARRISBURG, PA 17110 | : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : |

CHADWICK LIMITED PARTNERSHIP             :
C/O JAY W. CHADWICK AND                  :
BARBARA S. CHADWICK,                     :
GENERAL PARTNERS                         :
RR1, BOX 28                              :
WYALUSING, PA 18853                      :
                                         :
RANGE RESOURCES-APPALACHIA, LLC          :
C/O CORPORATION SERVICE COMPANY          :
2711 CENTERVILLE ROAD, SUITE 400         :
WILMINGTON, DE 19808                     :
                                         :
APPALACHIA MIDSTREAM SERVICES,           :
L.L.C.                                   :
C/O THE CORPORATION COMPANY              :
1833 MORGAN ROAD                         :
OKLAHOMA CITY, OK 73128                  :
                                         :
LARCHMONT RESOURCES, L.L.C.              :
C/O CORPORATION SERVICE COMPANY          :
115 SW 89TH STREET                  :
OKLAHOMA CITY, OK 73139                  :
                                         :
ANADARKO GENERAL RESOURCES LLC,          :
GENERAL PARTNER TRADING AS               :
ANADARKO E&P COMPANY, LPP                :
THE CORPORATION TRUST COMPANY            :
CORPORATION TRUST CENTER                 :
1209 ORANGE STREET                       :
WILMINGTON, DE  19801                    :
                                         :
CHESAPEAKE APPALACHIA, L.L.C.            :
C/O DAVID HUNDLEY                        :
5956 SHERRY LANE                         :
SUITE 1500                               :
DALLAS, TX  75225                        :
                                         :
CHIEF EXPLORATION & DEVELOPMENT          :
LLC,                                     :
C/O THE CORPORATION COMPANY              :

1833 MORGAN ROAD                                        :
OKLAHOMA CITY, OK  73128                                :
                                                        :
ENERPLUS RESOURCES (USA)                                :
CORPORATION,                                            :
C/O THE CORPORATION TRUST COMPANY                       :
CORPORATION TRUST CENTER                                :
1209 ORANGE STREET                                      :
WILMINGTON, DE  19801                                   :
                                                        :
MITSUI E & P USA LLC,                                   :
C/O THE CORPORATION TRUST COMPANY                       :
CORPORATION TRUST CENTER                                :
1209 ORANGE STREET                                      :
WILMINGTON, DE  19801                                   :
                                                        :
RADLER 2000 LIMITED PARTNERSHIP                         :
TUG HILL, INC., GENERAL PARTNER                         :
C/O MICHAEL G. RADLER, REG. AGENT                       :
777 TAYLOR STREET, SUITE PII-C                          :
FORT WORTH, TX  76116                                   :
                                                        :
SOUTHWESTERN ENERGY PRODUCTION                          :
COMPANY                                                 :
C/O THE CORPORATION COMPANY                             :
124 WEST CAPITOL AVENUE,                                :
SUITE 1900                                              :
LITTLE ROCK, AR 72201                                   :
                                                        :
STATOIL USA ONSHORE PROPERTIES INC.                     :
F/K/A STATOIL HYDRO USA ONSHORE                         :
PROPERTIES INC.,                                        :
C/O CORPORATION SERVICE COMPANY                         :
2711 CENTERVILLE ROAD, SUITE 400                        :
WILMINGTON, DE  19808                                   :
                                                        :
TALISMAN ENERGY USA, INC.                               :
C/O THE CORPORATION TRUST COMPANY                       :
1209 ORANGE STREET                                      :
WILMINGTON, DE 19801                                    :

AND ALL UNKNOWN OWNERS AND   :
INTERESTED PARTIES,   :
  :
     Defendants.   :

## VERIFIED COMPLAINT IN CONDEMNATION OF PROPERTY PURSUANT TO FED. R. CIV. P. 71.1

Plaintiff, Tennessee Gas Pipeline Company, L.L.C. ("Tennessee")[1], for its causes of action against Defendants, Permanent Overlay Easement for 5.417 Acres and Temporary Easements for 0.914 Acres in Wyalusing Township, Bradford County, Pennsylvania, Tax Parcel Number 61-103.00-066-000-000, Jay W. and Barbara S. Chadwick, Wells Fargo Bank, National Association, Chadwick Limited Partnership, Range Resources-Appalachia, LLC, Appalachia Midstream Services, L.L.C., Larchmont Resources, L.L.C., Anadarko General Resources LLC, Chesapeake Appalachia, L.L.C., Chief Exploration & Development LLC, Enerplus Resources (USA) Corporation, Mitsui E & P USA LLC, Radler 2000 Limited Partnership, Southwestern Energy Production Company, Statoil USA Onshore Properties Inc., Talisman Energy USA, Inc. and All Unknown Owners and Interested Parties,, states as follows:

---

[1] The FERC certificate application was originally filed under Tennessee Gas Pipeline Company. On October 1, 2011, Tennessee changed its name to Tennessee Gas Pipeline Company, L.L.C.

1.      Tennessee is a natural gas transmission company primarily engaged in the business of transporting natural gas in interstate commerce under authorizations granted by and subject to the jurisdiction of the Federal Energy Regulatory Commission ("FERC"). Tennessee's mainline system extends in a northeasterly direction from the states of Texas and Louisiana and the Gulf of Mexico, through the states of Texas, Louisiana, Arkansas, Mississippi, Alabama, Tennessee, Kentucky, West Virginia, Ohio, Pennsylvania, New York, New Jersey, Massachusetts, New Hampshire, Rhode Island and Connecticut.

2.      Defendants own or have an interest in property in Wyalusing Township, Bradford County, Pennsylvania described in a Deed dated December 30, 1998, recorded in the Office of Recorder of Deeds of Bradford County at Instrument number 199900495, and known as Tax Parcel Number 61-103.00-066-000-000.

3.      This is a civil action brought by Tennessee for the taking of easements and rights of way ("Rights of Way")[2] on Defendants' property that are necessary to install and construct a new 30-inch pipeline adjacent to Tennessee's existing 300 Line pipeline.

---

[2]      The Rights of Way are described more fully in Paragraph 31 of this Complaint and shown in the drawing and legal description attached as Exhibits B and C.

4.     On May 29, 2012, the FERC issued an order granting to Tennessee a Certificate of Public Convenience and Necessity for the Northeast Upgrade Project ("Project"), authorizing Tennessee to add an incremental 636,000 dekatherms (Dth) per day of capacity to its existing 300 Line System[3].  The FERC Order granted approval for Tennessee to construct five pipeline loop segments[4] in Pennsylvania and New Jersey, and modifications and horsepower additions at four existing compressor stations.

---

[3]     Docket No. CP11-161-000, 130 FERC ¶61,161 (2012) ("FERC Order").  A true and correct copy of the FERC Order is attached as Exhibit A. Requests for rehearing of the FERC Order were due June 28, 2012 pursuant to Section 19 of the Natural Gas Act, 15 U.S.C. § 171r(a) and FERC regulations. Following the issuance of the FERC Order, several parties to the FERC proceeding (individuals or entities that filed a timely motion to intervene in the FERC proceeding and that were granted party status in the FERC Order) have filed timely requests for rehearing of the FERC Order. In addition, other individuals and entities have filed motions to intervene out-of-time and late requests for rehearing of the FERC Order. Tennessee, in an answer filed on June 28, 2012 in Docket No. CP11-161-000 opposed the untimely motions to intervene and requests for rehearing. If the FERC does not act on requests for rehearing within 30 days of filing, such requests are deemed denied. 15 U.S.C. § 717(a) and 18 C.F.R. § 385.713. In order to provide additional time for consideration of the matters raised on rehearing, the FERC issued an Order Granting Rehearing for Further Consideration on July 9, 2012 in Docket No. CP11-161-000. The rehearing requests will be addressed by the FERC in a future order. The FERC Order is not stayed by the filing of requests for rehearing.

[4]     "Looping" is when a segment of pipeline is installed alongside and adjacent to one or more pre-existing pipelines.  The loop segment then is connected to the pre-existing pipeline at both ends, allowing increased transportation capacity and/or better system reliability.

5.    The property involved in this Action is along one of the pipeline loop segments in Bradford County, Pennsylvania.

6.    Tennessee is a "natural gas company" within the meaning of the Natural Gas Act, 15 U.S.C. § 717 *et seq.*, (the "Natural Gas Act"), and the authority for the taking is granted to Tennessee by 15 U.S.C. § 717f(h).

7.    Under the Natural Gas Act, a natural gas company has the power to condemn land for a federally approved natural gas pipeline project if:

   (a)    the company has been granted a Certificate of Public Convenience and Necessity from the FERC,

   (b)    the company has been unable to acquire the needed land by contract with the owner, and

   (c)    the value of the property at issue is claimed by the landowner at more than $3,000.

15 U.S.C. § 717f(h); see Steckman Ridge GP, LLC v. An Exclusive Natural Gas Storage Easement Beneath 11.078 Acres, More or Less, Nos. 08-168, 08-169, 08-177, 08-179, 08-180, 2008 WL 4346405, at *12 (W.D. Pa. Sept. 19, 2008)[5]; E. Tenn. Natural Gas Co. v. Sage, 361 F.3d 808, 827-28 (4th Cir. 2004).

8.    Tennessee meets these three requirements, as detailed below.

---

[5]    A copy of this unpublished opinion is attached as Exhibit D.

## I.    Jurisdiction and Venue.

9.    Tennessee's authority to maintain the action in this Court derives from

the Natural Gas Act, 15 U.S.C.A. §§ 717a, *et seq*.  Section 717f(h) states in

relevant part:

> **When any holder of a certificate of public convenience and necessity cannot acquire by contract, or is unable to agree with the owner of property to the compensation to be paid for, the necessary right-of-way to construct, operate, and maintain a pipe line or pipe lines for the transportation of natural gas, and the necessary land or other property, in addition to right-of-way, for the location of compressor stations, pressure apparatus, or other stations or equipment necessary to the proper operation of such pipe line or pipe lines, it may acquire the same by the exercise of the right of eminent domain in the district court of the United States for the district in which such property may be located**, or in the State courts. The practice and procedure in any action or proceeding for that purpose in the district court of the United States shall conform as nearly as may be with the practice and procedure in similar action or proceeding in the courts of the State where the property is situated: Provided, That the United States district courts shall only have jurisdiction of cases when the amount claimed by the owner of the property to be condemned exceeds $3,000.

15 U.S.C.A. § 717f(h) (emphasis added).

## II.    Parties.

10.    Plaintiff is Tennessee Gas Pipeline Company, L.L.C., a limited

liability company, which is organized and conducts business under the laws of

the State of Delaware with its principal place of business at 1001 Louisiana Street, Houston, Texas 77002.

11.    Defendants, Jay W. and Barbara S. Chadwick are the fee simple owners of the Rights of Way and are individuals residing at 3591 Route 706 Wyalusing, PA 18853.

12.    Wells Fargo Bank, National Association has a mortgage of record on the Chadwick's property.  The notice addresses are (a) c/o John G. Stumpf, Chairman, CEO, President; Timothy J. Sloan, CFO; Paul Ackerman, Treasurer, Senior Vice President, 101 North Phillips Avenue, Sioux Falls, SD 57104 and (b) c/o Corporation Service Company, 2595 Interstate Drive, Suite 103, Harrisburg, PA  17110.

13.    Chadwick Limited Partnership has a leasehold interest in the Chadwick's property.  The notice address per the recorded Memorandum of Lease is c/o Jay W. Chadwick and Barbara S. Chadwick, General Partners, RR1, Box 28, Wyalusing, PA 18853.

14.    Range Resources-Appalachia, LLC has a leasehold interest in the Chadwick's property.  The notice address is c/o Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

15.    Appalachia Midstream Services, L.L.C. is an Oklahoma limited liability company with a leasehold interest in the Chadwick's property.  The notice

address is c/o The Corporation Company, 1833 Morgan Road, Oklahoma City, OK
73128.

16.    Larchmont Resources, L.L.C. is an Oklahoma limited liability
company with a leasehold interest in the Chadwick's property.  The notice address
is c/o Corporation Service Company, 115 SW 89th Street, Oklahoma City, OK
73139.

17.    Anadarko General Resources LLC is a Delaware limited partnership
with an interest in the Chadwick's property.  The notice address is c/o The
Corporation Trust Company, Corporation Trust Center, 1209 Orange Street,
Wilmington, DE 19801.

18.    Chesapeake Appalachia, L.L.C. is a Texas limited liability company
with an interest in the Chadwick's property.  The notice address is c/o David
Hundley, 5956 Sherry Lane, Suite 1500, Dallas, TX 75225.

19.    Chief Exploration & Development LLC is a Texas limited liability
company with an interest in the Chadwick's property.  The notice address is c/o
The Corporation Company, 1833 Morgan Road, Oklahoma City, OK 73128.

20.    Enerplus Resources (USA) Corporation is a Delaware corporation
with an interest in the Chadwick's property.  The notice address is c/o The
Corporation Trust Company, Corporation Trust Center, 1209 Orange Street,
Wilmington, DE 19801.

21.     Mitsui E & P USA, LLC is a Delaware limited liability company with an interest in the Chadwick's property.  The notice address is c/o The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

22.     Radler 2000 Limited Partnership is a Texas limited partnership with an interest in the Chadwick's property.  The notice address is c/o Tug Hill, Inc., General Partner, c/o Michael G. Radler, Registered Agent, 777 Taylor Street, Suite PII-C, Fort Worth, TX 76116.

23.     Southwestern Energy Production Company is an Arkansas corporation with an interest in the Chadwick's property.  The notice address is c/o The Corporation Company, 124 West Capitol Avenue, Suite 1900, Little Rock, AR 72201.

24.     Statoil USA Onshore Properties Inc., f/k/a Statoil Hydro USA Onshore Properties, Inc., is a Delaware corporation with an interest in the Chadwick's property.  The notice address is c/o Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

25.     Talisman Energy USA, Inc. is a Delaware corporation with an interest in the Chadwick's property.  The notice address is c/o The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

III.     **Tennessee is a Holder of a Certificate of Public Convenience and Necessity.**

26.     On March 31, 2011, Tennessee filed an application with the FERC for a certificate of public convenience and necessity for its Project to construct new pipeline and modify existing facilities in Pennsylvania and New Jersey.[6] The

---

[6]     Tennessee's Project underwent an extensive review process. The FERC evaluated the public need for the Project (referred to as the "public convenience and necessity" under Section 7(c) of the Natural Gas Act), and completed a thorough review of environmental impacts and operational considerations before issuing the FERC Order authorizing the Project. The public was notified of the Project and provided an opportunity to comment through the following notices: (a) a Notice of Intent to Prepare an Environmental Assessment for the Planned Northeast Upgrade Project, Request for Comments on Environmental Issues and Notice of Public Scoping Meetings ("NOI") on October 8, 2010 in Docket No. PF10-23-000 (the FERC's pre-filing docket number for the Project), which was published in the Federal Register and mailed to more than 1,500 parties including federal, state, and local government officials; agency representatives; environmental and public interest groups; Native American tribes; local libraries and newspapers; and affected property owners, including the Defendants; (b) a Notice of Tennessee's certificate application, which was published in the Federal Register on April 20, 2011 in Docket No. CP11-161-000; and (c) a Notice announcing the availability of the Environmental Assessment for the Project, which was published in the Federal Register on November 21, 2011 in Docket No. CP11-161-000. The FERC held scoping meetings, noticed the certificate application and Environmental Assessment for the Project as referenced above, and considered comments from a number of parties, including affected landowners, federal agencies, state agencies, the Environmental Protection Agency (EPA); the New Jersey DEP; three county agencies in Pennsylvania: Pike County Planning Commission, Pike County Conservation District, and Bradford County Office of Community Planning and Grants (Bradford County); one county agency in New Jersey: Bergen County Department of Planning and Economic Development; three NGOs filing jointly: New Jersey Chapter of the Sierra Club, Delaware Riverkeeper Network, and New Jersey Highlands

Project will result in an increase in transportation capacity by an incremental 636,000 Dth per day to meet the increased needs of customers in the Northeast region. The Project also will help increase the overall reliability of Tennessee's transportation system.

27.   On May 29, 2012, the FERC approved the Project and issued the FERC Order.

28.   Tennessee already owns an existing permanent easement of varying width across Defendants' property (the "Existing Easement").

29.   The Rights of Way on Defendants' property are required to construct, install, operate and maintain one of the pipeline loop segments approved in the FERC Order.

30.   The Rights of Way on Defendant's property are on top of or adjacent to the Existing Easement on Defendants' property.

31.   Tennessee requires:

   (a)   Permanent overlay easement, varying in width containing 5.417 acres, as described as "Existing Permanent Easement Used During Construction" in the acquisition drawing and legal description attached to the Verified Complaint as Exhibits B and C, for the purpose of constructing, operating, maintaining, altering, repairing, changing the size of, replacing and removing a pipeline and all related equipment and appurtenances thereto

---

Coalition (referred to henceforth collectively as Sierra Club); and Jean Public and Steven Vitale, two concerned citizens; before issuing the FERC Order.

(including but not limited to meters, fittings, tie-overs, valves, cathodic protection equipment and launchers and receivers) for the transportation of natural gas, or its byproducts, and other substances as approved by the Federal Energy Regulatory Commission pursuant to the Natural Gas Act and the Order of the Federal Energy Regulatory Commission dated May 29, 2012, Docket No. CP11-161-000; together with all rights and benefits necessary or convenient for the full enjoyment or use of the right of way and easement. Further, Defendants shall not excavate, change the grade of or place any water impoundments or structures on the right of way and easement without the written consent of Plaintiff, nor may Defendants plant any trees, including trees considered as a growing crop, on the permanent right of way and easement. Plaintiff shall have the right from time to time at no additional cost to Defendants to cut and remove all trees including trees considered as a growing crop, all undergrowth and any other obstructions that may injure, endanger or interfere with the construction and use of said pipeline and all related equipment and appurtenances thereto.

(b)   Temporary easements of 0.914 acres, as described as "Proposed Additional Temporary Workspace #1," "Proposed Additional Temporary Workspace #2," "Proposed Additional Temporary Workspace #3" and "Proposed Additional Temporary Workspace #4" in the acquisition drawing and legal description attached to the Verified Complaint as Exhibits B and C, for use during the pipeline construction and restoration period only for the purpose of ingress, egress and regress and to enter upon, clear off and use for construction and all activities required by the Order of the Federal Energy Regulatory Commission dated May 29, 2012, Docket No. CP11-161-000.

32.   The Rights of Way sought to be condemned are designated as

Existing Permanent Easement Used During Construction, Proposed Additional

Temporary Workspace #1, Proposed Additional Temporary Workspace #2,

Proposed Additional Temporary Workspace #3 and Proposed Additional

Temporary Workspace #4, as shown in Tennessee Drawing No. TB-X10-300-2-479-481 dated July 7, 2012, which is attached as Exhibit B and described more fully in the legal description attached as Exhibit C.  Exhibits B and C are incorporated herein by reference.

33.     The Rights of Way sought to be acquired on Defendants' property were reviewed and approved by FERC prior to the issuance of the FERC Order.

34.     In issuing the FERC Order, the FERC determined that the Project will "help alleviate pipeline constraints in the region by increasing pipeline capacity to the high-demand markets in the northeast." Exh. A, FERC Order, ¶15.

35.     In issuing the FERC Order, the FERC considered the impact on landowners and communities along the route of the Project.  The Commission found that "Tennessee has taken steps to minimize any adverse impacts on landowners and surrounding communities." Exh. A, FERC Order, ¶16.

36.     The FERC concluded that "[b]ased on the benefits Tennessee's proposal will provide to the project shipper, the lack of adverse effects on existing customers and other pipelines and their captive customers, and the minimal adverse effects on landowners or communities along the route, we find, consistent with the Certificate Policy Statement and subject to the environmental discussion below, that Tennessee's proposed Northeast Upgrade Project is required by the

public convenience and necessity, as conditioned in this order." Exh. A, FERC Order, ¶17.

37.    Tennessee has satisfied all of the conditions imposed by the FERC in the FERC Order prior to the exercise of eminent domain.[7]

38.    Accordingly, Tennessee has a valid FERC Order covering the Rights of Way sought in this Action.

39.    Tennessee has satisfied the first condition required prior to the exercise of eminent domain under Section 7(h) of the Natural Gas Act.

**IV.    Tennessee Has Been Unable to Acquire Defendants' Property by Contract.**

40.    Tennessee, by its agents, contacted Defendants numerous times for the purpose of negotiating the acquisition of the above-described easements.

41.    Tennessee offered an amount that is higher than the amount fixed by the appraisal for the Rights of Way.[8]

---

[7]    The FERC Order contains conditions applicable to the Project, including certain conditions that are ongoing throughout the construction and restoration phases of the Project and other conditions that require actions after the pipeline has been constructed and placed in-service and thus implicitly are not required to be completed prior to Tennessee having the power of eminent domain. Tennessee has satisfied all conditions required prior to the exercise of eminent domain under Section 7(h) of the Natural Gas Act. Portland Natural Gas Trans. Sys. v. 4.83 Acres, 26 F. Supp. 2d 332 (D. N.H. 1998) (satisfying the conditions of the FERC Order was not a condition of the NGA for exercising power of eminent domain).

42.   Defendants did not accept Tennessee's offer.

43.   Tennessee is unable to acquire the above-described property rights by contract.

44.   Accordingly, Tennessee has satisfied the second condition required prior to the exercise of eminent domain under Section 7(h) of the Natural Gas Act.

**V.     Tennessee Has Offered At Least $3,000 for the Rights of Way.**

45.   Tennessee offered to pay Defendants at least $3,000 for the Rights of Way.

46.   Tennessee has satisfied the third condition required prior to the exercise of eminent domain under Section 7(h) of the Natural Gas Act.

47.   Tennessee has satisfied all statutory requirements and is authorized to exercise eminent domain under Section 7(h) of the Natural Gas Act.

WHEREFORE, Plaintiff Tennessee Gas Pipeline Company, L.L.C. demands judgment against Defendants, Permanent Overlay Easement for 5.417 Acres and Temporary Easements for 0.914 Acres in Wyalusing Township, Bradford County, Pennsylvania, Tax Parcel Number 61-103.00-066-000-000, Jay W. and Barbara S. Chadwick, Wells Fargo Bank, National Association, Chadwick

---

[8]   Tennessee retained an independent appraiser to make an appraisal of the fair market value of the property rights sought to be condemned, and provided Defendants with a copy of the appraisal. The appraisal values the property sought to be condemned at $12,000.

Limited Partnership, Range Resources-Appalachia, LLC, Appalachia Midstream
Services, L.L.C., Larchmont Resources, L.L.C., Anadarko General Resources
LLC, Chesapeake Appalachia, L.L.C., Chief Exploration & Development LLC,
Enerplus Resources (USA) Corporation, Mitsui E & P USA LLC, Radler 2000
Limited Partnership, Southwestern Energy Production Company, Statoil USA
Onshore Properties Inc., Talisman Energy USA, Inc. and All Unknown Owners
and Interested Parties, as follows:

    (a)    An Order of Condemnation that Tennessee has the substantive

        right to condemn the Rights of Way described as follows:

        (i)    Permanent overlay easement, varying in width containing
5.417 acres, as described as "Existing Permanent
Easement Used During Construction" in the acquisition
drawing and legal description attached to the Verified
Complaint as Exhibits B and C, for the purpose of
constructing, operating, maintaining, altering, repairing,
changing the size of, replacing and removing a pipeline
and all related equipment and appurtenances thereto
(including but not limited to meters, fittings, tie-overs,
valves, cathodic protection equipment and launchers and
receivers) for the transportation of natural gas, or its
byproducts, and other substances as approved by the
Federal Energy Regulatory Commission pursuant to the
Natural Gas Act and the Order of the Federal Energy
Regulatory Commission dated May 29, 2012, Docket No.
CP11-161-000; together with all rights and benefits
necessary or convenient for the full enjoyment or use of
the right of way and easement. Further, Defendants shall
not excavate, change the grade of or place any water
impoundments or structures on the right of way and
easement without the written consent of Plaintiff, nor

may Defendants plant any trees, including trees considered as a growing crop, on the permanent right of way and easement. Plaintiff shall have the right from time to time at no additional cost to Defendants to cut and remove all trees including trees considered as a growing crop, all undergrowth and any other obstructions that may injure, endanger or interfere with the construction and use of said pipeline and all related equipment and appurtenances thereto.

(ii)   Temporary easements of 0.914 acres, as described as "Proposed Additional Temporary Workspace #1," "Proposed Additional Temporary Workspace #2," "Proposed Additional Temporary Workspace #3" and "Proposed Additional Temporary Workspace #4" in the acquisition drawing and legal description attached to the Verified Complaint as Exhibits B and C, for use during the pipeline construction and restoration period only for the purpose of ingress, egress and regress and to enter upon, clear off and use for construction and all activities required by the Order of the Federal Energy Regulatory Commission dated May 29, 2012, Docket No. CP11-161-000.

(b)   Fix the compensation to be paid to Defendants for the Rights of Way;

(c)   Grant title to the Rights of Way to Tennessee; and

(d)   Any other lawful and proper relief.

Respectfully submitted,

**SAUL EWING LLP**


/s/ Elizabeth U. Witmer
Elizabeth U. Witmer, Esq. (55808)
Sean T. O'Neill, Esq. (205595)
1200 Liberty Ridge Drive, Suite 200
Chesterbrook, PA  19087-5569
610-251-5062/-5050
ewitmer@saul.com
soneill@saul.com


*Attorneys for Plaintiff Tennessee Gas*
*Pipeline Company, L.L.C.*

Dated:  July 31, 2012